IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05-cv-328-MEF |
| | ) | (WO) |
| WALGREEN COMPANY, *et al.,* | ) | [DO NOT PUBLISH] |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Boyd ("Boyd") brings this civil rights action against Defendants Walgreen Company ("Walgreen") and one of its pharmacists, David Dudley ("Dudley"), alleging that the Defendants' racial discrimination impaired his ability to enter into a contract to obtain his prescription medication. The events underlying this litigation occurred when Boyd and Dudley had a verbal confrontation while Boyd was attempting to have his prescription filled at a Walgreen pharmacy. Boyd has asserted that Dudley's refusal to serve him was motivated by racial animus, while Dudley contends that Boyd was barred from the store because of his disruptive conduct, not his race. This cause is before the Court on the Defendants' Motion for Summary Judgment (Doc. #13) filed on December 12, 2005. The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be GRANTED IN PART and DENIED IN PART.

**JURISDICTION AND VENUE**

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1343.  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The evidence "adduced at the summary judgment phase must be based on personal knowledge, must set forth specific facts as would be admissible in evidence, and must demonstrate the competence of the party to offer the evidence." *Davis v. Qualico Misc., Inc.*, 161 F. Supp. 2d 1314, 1321 (M.D. Ala. 2001).

## FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all documents and deposition excerpts submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the nonmoving party, establish the following facts.

On April 2, 2005, Boyd, a black male, entered the Walgreen store located on Atlanta Highway in Montgomery, Alabama just before midnight. Earlier that night, Boyd had visited the Walgreen on South Boulevard, which was closer to his home, but was unable to obtain his medication there because that store's pharmacy had closed at 6 p.m. Upon his entrance at the Atlanta Highway establishment, Boyd proceeded to the pharmacy and asked Dudley,

a white male and the Walgreen pharmacist on duty, to fill his prescription. Boyd also inquired of Dudley as to the reasons behind the early closure of the pharmacy at the South Boulevard Walgreen store. According to Boyd, Dudley snapped back in a hostile tone that "you peoples" were the cause. The fact that most of the South Boulevard Walgreen's customers are black in combination with Dudley's language and intonation led Boyd and at least one other bystander to interpret the statement as referencing race. Boyd took great exception to Dudley's comment and animatedly responded that his money was green and should be accepted irrespective of his race. Dudley was not pleased with Boyd's reaction and informed Boyd that he considered Boyd's behavior to be harassment and would be calling the police.

At this point, Boyd went to speak with the Walgreen assistant manager, Sandy Strassburger ("Strassburger"). Boyd recounted the details of his interaction with Dudley to Strassburger, whose response was "he said that?" Strassburger informed Boyd that he had no authority over the pharmacy or the pharmacist on duty and that Boyd would have to take up his complaints with the district manager. Boyd then went to the front of the store to await the arrival of the police.

Montgomery policeman Antonio Loria ("Loria") arrived shortly thereafter, and Boyd explained his description of the verbal altercation to him. Loria observed that Boyd appeared agitated, and he detected the aroma of alcohol on Boyd but did not consider his demeanor to be disorderly. After discussing the night's events with Boyd outside of the store, Loria

entered Walgreen to hear Dudley's side of the story. Inside, Dudley told Loria that Boyd had been loud and boisterous in the store and that he wanted to bar Boyd from both the Atlanta Highway and South Boulevard Walgreen pharmacies. In order to effectuate this desire, Dudley went outside the store and declared to Boyd in front of Loria that Boyd would no longer be welcome inside either establishment.

On April 13, 2005, Boyd filed a complaint in this Court seeking relief under 42 U.S.C. §§ 1981, 1982, and 2000a against Walgreen and Dudley. In response, the Defendants have contested Boyd's factual account of the April 2 incident. Specifically, Dudley contends that he stated that "people like you" were responsible for the South Boulevard store's early closure rather than "you peoples." Dudley also asserts that he articulated to Boyd that his comments were not meant to refer to race but instead to the negative attitudes of customers at the South Boulevard Walgreen.

## DISCUSSION

Through 42 U.S.C. §§ 1981 and 1982, "Congress intended to prohibit 'all racial discrimination, private and public, in the sale of property'" and in the making and enforcement of contracts. *Runyon v. McCrary*, 427 U.S. 160, 170 (1976) (quoting *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437 (1968)). It is the aim of these "statutes . . . to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace." *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991). To prevail under either of these provisions, a plaintiff must

demonstrate that the defendant engaged in intentional discrimination. *Id.*; *see also Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000) (recognizing intentional discrimination as the "critical element" in an action brought under § 1981). In contrast to claims brought under Title VII, §§ 1981 and 1982 allow for suits against an employer's agents. *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000).

The parameters of a claim under §§ 1981 and 1982 depend largely upon the type of evidence the plaintiff offers to establish his or her allegations. To create a genuine issue of material fact, a plaintiff can produce either direct evidence of a discriminatory motive or circumstantial evidence sufficient to demonstrate an inference of discrimination. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998). "Where the [plaintiff] presents direct evidence that, if believed by the jury, would be sufficient to win at trial, summary judgment is not appropriate even when the [defendant] presents conflicting evidence." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). Direct evidence is "evidence, which if believed proves [the] existence of [a] fact in issue without inference or presumption." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n.6 (11th Cir. 1987)). "Evidence that only suggests discrimination or that is subject to more than one interpretation does not constitute direct evidence." *Id.* (citations omitted).

Dudley's alleged statement to Boyd that "you peoples" caused the early closing of the South Boulevard Walgreen pharmacy is the primary evidence that Boyd has offered to

6

demonstrate discriminatory intent. The Eleventh Circuit has characterized a very similar comment as "the kind of stray remark" that does not concretely establish a discriminatory motive. *E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 924 (11th Cir. 1990). Indeed, while Dudley's statement may suggest a discriminatory motive, the Court cannot say that the comment by itself is not amenable to multiple interpretations. Thus, Boyd has not provided direct evidence of a discriminatory motive on Dudley's part and must proceed under the circumstantial evidence framework if he is to prevail on his claims under §§ 1981 and 1982. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

"To establish a claim under [§§] 1981 [and 1982] where, as here, there is no direct evidence of racial discrimination, [p]laintiffs must first establish an inference of discrimination under the burden shifting provisions established in *McDonnell Douglas*." *Wells v. Burger King Corp.*, 40 F. Supp. 2d 1366, 1368 (N.D. Fla. 1998). Under this paradigm, a plaintiff must demonstrate that (1) he or she is a member of a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1150 (S.D. Fla. 2004); *Puglisi v. Underhill Park Taxpayer Ass'n*, 947 F. Supp. 673, 700 (S.D.N.Y.1996). A plaintiff may establish discriminatory intent at this stage by demonstrating that the defendant treated similarly situated individuals outside of the plaintiff's racial group differently. *Lawrence*, 318 F. Supp. 2d at 1150; *Wells*, 40 F. Supp. 2d at 1368. If the plaintiff successfully makes

this showing, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the challenged action. *Brown*, 939 F.2d at 949. The defendant's production of a legitimate reason for the conduct at issue returns the burden to the plaintiff to show that the proffered explanation is merely a pretext for discrimination. *Id*.

The Court finds that Boyd has satisfied his burden to make a prima facie demonstration of discrimination under both provisions. He is a member of a racial minority group, he attempted to contract for the purchase of prescription drugs from Walgreen through Dudley, and he was denied this opportunity while similarly situated individuals not part of his minority group presumably retained it. As a result, the Court must examine the proffered justification of Walgreen.

According to Dudley, he took the questioned actions against Boyd because Boyd was disruptive and bothersome in his inquiries concerning the South Boulevard Walgreen. Dudley asserts that Boyd persisted in an extended course of agitating conduct while the pharmacy was very busy and that Boyd leaned over the pharmacy counter and looked through the window against Dudley's prior requests. The Defendants also argue that Dudley attempted to allay any notion Boyd might have had that racial animus motivated Dudley's actions by articulating to Boyd that his statement was not meant to imply any racial hostility but referred to the negative customer attitude he felt that Boyd had displayed and that was prevalent at the South Boulevard location.

The difficulty with this explanation is that Boyd disputes Dudley's description of the

8

events. Boyd contends that Dudley's harsh reaction occurred after Boyd requested his medication from Dudley and briefly questioned the early closing of the South Boulevard store. Boyd also denies that he was bothering Dudley while placing his order and denies that Dudley offered any explanation of his comments. At the summary judgment stage, the Court cannot resolve this factual contrast and must accept Boyd's account of these events. And, when the Court considers the fact that most of the patrons of the South Boulevard Walgreen are black and that Dudley referenced "you peoples" in a hostile manner as the reason for that pharmacy's early closure, it appears a question of fact exists on the issue of Dudley's motive. Thus, Boyd's claims against the Defendants must be allowed to go forward because of the conflict between the parties' recitations of the facts and the inferences drawn therefrom.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that the Defendants' Motion for Summary Judgment (Doc. #13) is GRANTED IN PART and DENIED IN PART. In addition, the Defendants' Motion to Strike (Doc. #26) is DENIED, and the Plaintiff's Motion for Extension (Doc. #36) is DENIED AS MOOT.

DONE this the 14th day of July, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court has sustained Boyd's claims under §§ 1981 and 1982, the parties appear to agree that his claim under 42 U.S.C. § 2000a is due to be dismissed because Walgreen is not a place of public accommodation within the meaning of that statute. As a result, the Defendants' motion is granted as to this particular count.